UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv335-FDW

| | |
|---|---|
| JONATHON THOMAS MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY[1], ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon initial review of Jonathon Thomas Moore's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2.)

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on August 20, 2015, pled guilty in Rutherford County Superior Court to four counts of taking indecent liberties with a minor. (Pet. 1, Doc. No. 1.) He was sentenced to four, consecutive terms of 15 to 27 months in prison. See N.C. Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/ offendersearch.do?method=list (Offender ID #1021212).

According to Petitioner, he did not file a direct appeal, and he denies filing any other "petitions, applications, or motions" concerning his judgment of conviction. (Pet., supra, at 2-3.)

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Frank L. Perry, Secretary of the Department of Public Corrections has been substituted for "Rutherford County Superior Court" as Respondent in this action.

1

Petitioner filed the instant habeas Petition on October 12, 2016, when he placed it in the prison mail system. (Pet., supra, at 15.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

### A. Habeas Petition

Petitioner raises one ground for relief in the instant habeas Petition, but the constitutional basis for his challenge is not clear. Moreover, he has failed to exhaust his ground for relief in the state courts.

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, review of his claims is governed by 28 U.S.C. § 2254. The statute requires that before seeking federal habeas corpus relief, a state prisoner first must exhaust his state court remedies. § 2254(b)(1)(A).[2] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To fairly present a claim, the prisoner must identify for the state courts "both the operative facts and

---

[2] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

the controlling legal principles" associated with the claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citation omitted). Furthermore, the prisoner must present the claim to all appropriate state courts, including the highest appellate court established to review such a claim. See Boerckel, 526 U.S. at 845.

Because of his guilty pleas, Petitioner's right to direct appellate review of his convictions and sentences may have been limited. See N.C. Gen. Stat. §7A-27(b). However, he has not sought post-conviction relief by way of a motion for appropriate relief in Rutherford County Superior Court. See N.C. Gen Stat. § 15A–1411 et seq. (Pet., supra, at 3.) Petitioner's claim, therefore, is unexhausted. The Court shall dismiss the instant Petition without prejudice so that Petitioner may return to the state courts to seek relief there first.

**B. In Forma Pauperis Motion**

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave by the court to proceed without prepayment of fees and costs. 28 U.S.C. § 1914, § 1915(a)(1). The Court has reviewed Petitioner's affidavit of indigency, which Petitioner failed to complete properly. (Doc. No. 2.) Nevertheless, because the Court is taking no further action in this case beyond dismissing it without prejudice, it will grant Petitioner's Application to Proceed in District Court Without Prepaying Fees and Costs.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED without prejudice** as unexhausted;

2. The Clerk of Court is directed to substitute Frank L. Perry for Rutherford County Superior Court as Respondent in this action;

3. Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 20, 2016

Frank D. Whitney
Chief United States District Judge